IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   07-CR-41-GKF |
| ) | |
| STEPHANIE J. CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Motion to Compel Discovery filed by Defendant Stephanie J. Crawford ("Crawford") (Dkt. #111). The Court grants the motion in part and denies it in part.

## BACKGROUND

On March 7, 2007, Crawford was indicted for Possession of 50 Grams or More of Methamphetamine with Intent to Distribute, 21 U.S.C. §841(a)(1) and (b)(1)(B), and Possession of Firearms in Furtherance of Drug Trafficking Crime, 21 U.S.C. §924(c)(1)(A)(I). (Dkt. #2). On June 13, 2007, Crawford entered a plea of guilty as to the possession count (Dkt. #39) and was sentenced on March 18, 2008 to 33 months in prison and five years of supervised release (Dkt. #88). She was released from prison on July 1, 2010.

On June 22, 2010, Crawford filed a Motion to Vacate Conviction, for a New Trial or Similar Relief (Dkt. #102) pursuant to Rule 33 of the Federal Rules of Criminal Procedure based on her discovery that law enforcement officers involved in her arrest and conviction had been charged and/or admitted to dishonest and unlawful conduct related to the charges against her; namely, ATF Agent Brandon McFadden ("McFadden") and former Tulsa Police Department ("TPD") officers John K. Gray ("Gray") and Jeff Henderson ("Henderson"). She contended that her conviction should be vacated based on (I) newly discovered evidence and (ii) the

Government's failure to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).

The Government objected to the motion, arguing that Crawford could not obtain a new trial under Rule 33 because she pled guilty[1] and even if the guilty plea did not bar her from a new trial, she could not state a *Brady* claim as (1) the government had no obligation to provide information that Crawford actually had;[2] (2) the government had no obligation to provide information that did not exist at the time of her plea - *e.g.*, the indictment and guilty pleas of McFadden and Gray, as well as Gray's admissions; (3) because the officers' alleged misconduct did not occur in this case, the evidence could only be used to impeach McFadden and Gray rather than exculpate Crawford; and (4) Crawford's motion is untimely.

In reply, Crawford asserted the following: (1) Crawford is entitled to the relief sought under 28 U.S.C. §2255[3] and the Court should so construe the motion; (2) the motion is timely as it was filed well within one year of when the police admitted to misconduct in this case; (3)

---

[1] The Tenth Circuit has held that Rule 33 "applies only to cases in which a trial, either to the court or to a jury, has taken place;" and therefore, "the validity of a guilty plea cannot be questioned by way of a motion for new trial." *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979).

[2] Crawford recited the following in her motion to vacate, indicating that she knew of the alleged misconduct at the time she entered her plea:
> In one of Ms. Crawford's first interviews with counsel, Ms. Crawford advised counsel that the law enforcement officers involved in her arrest had planted methamphetamine in her apartment at the scene of the arrest and had stolen tens of thousands of dollars of cash from co-defendant Jerry Hill's backpack.

Defendant's Motion, p. 2 (Dkt. #102).

[3] Although Crawford is no longer in custody, she is currently serving a five-year supervised release and thus satisfies the "in custody" requirement of §2255. *United States v. Cervini*, 379 F.3d 987, 989-91 (10th Cir. 2004).

Crawford's guilty plea does not foreclose her *Brady* challenge[4] because the Government's response establishes several instances of police misconduct in this case, specifically, Gray's admission that the police found the methamphetamine on Crawford and her boyfriend Jerry Hill ("Hill") which is directly inconsistent with Henderson's report that the police found 55.5 grams of methamphetamine in the apartment; (3) the police misconduct gives rise to at least three substantive grounds to vacate Crawford's conviction and sentence; and (4) the Government's response at least establishes that Crawford is entitled to an evidentiary hearing on her claims.

In response to Crawford's motion for an evidentiary hearing, the District Court found that "Crawford has raised an issue of fact regarding whether an additional quantity of methamphetamine may have been planted in the apartment," citing "Officer Gray's recent admission that methamphetamine was found on Crawford and Hill's persons, rather than in the apartment," which "directly contradicts the testimony of Agent McFadden at Crawford's detention hearing, who indicated that drugs were found inside the apartment." *Opinion and*

---

[4] Crawford cites *United States v. Ohiri*, 133 Fed.Appx. 555 (10th Cir. 2005) for her position that her guilty plea does not foreclose this collateral attack on her conviction and sentence. In *Ohiri*, the Tenth Circuit reversed the trial court's denial of post-conviction motion under §2255 to amend to allege a *Brady* or due process violation because "the government is not required to produce all *Brady* material when a defendant pleads guilty," *citing United States v. Ruiz*, 536 U.S. 622 (2002). *Id*. at **6.  The Tenth Circuit distinguished *Ruiz*, finding that
> [b]y holding in *Ruiz* that the government committed no due process violation by requiring a defendant to waiver her right to impeachment evidence before indictment in order to accept a fast-track plea, the Supreme Court did not imply that the government may avoid the consequence of a *Brady* violation if the defendant accepts an eleventh-hour plea agreement while ignorant of withheld exculpatory evidence in the government's possession.

*Id*. (citing *United States v. Persico*, 164 F.3d 796, 804-05 (2d Cir. 1999) ("The Government's obligation to disclose *Brady* materials is pertinent to the accused's decision to plead guilty; the defendant is entitled to make that decision with full awareness of favorable [exculpatory and impeachment] evidence known to the Government.")).

*Order,* p. 1 (Dkt. #143). The District Court concluded that "an evidentiary hearing would be useful to its determination on [the §2255] motion" and instructed that the undersigned first address the pending motion to compel before the hearing is set.

## ANALYSIS

To aid in prosecuting her §2255 claim, Crawford moves for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereafter, "Rule 6"), which provides, in pertinent part:

> (a) A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . .
> (b) A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rules Governing § 2255 Proceedings, Rule 6 (a) and (b). Specifically, Crawford seeks the following:

> 1. All reports, notes, statements, or other documents (including emails and other electronically stored information) generated in the course of the Government's investigation of police corruption in the Northern District of Oklahoma (e.g. by the FBI or any other agency) that reference or relate in any way to the following law enforcement officers involved in Ms. Crawford's arrest or investigation: former ATF Agent Brandon McFadden, former TPD officer John K. Gray, former TPD officer Jeff Henderson, and TPD officer Frank Khalil.
>
> 2. All reports, notes, statements, or other documents (including emails and other electronically stored information) that reflect or refer to in any way any statements made, obtained or adopted by former ATF Agent McFadden, former TPD officer Gray, former TPD officer Henderson, and TPD officer Khalil related in any way to their involvement in the investigation, arrest or conviction of Ms. Crawford.
>
> 3. All reports, notes, statements, or other documents (including emails and other electronically stored information) related to the Government's investigation into whether police or prosecutorial corruption or misconduct occurred during the investigation, arrest or conviction of Ms. Crawford.

4

4. Any reports or statements prepared by former TPD officer Gray related to the investigation, arrest, or conviction of Ms. Crawford.

5. A list of all criminal cases filed by the Government in the Northern District of Oklahoma from January 2007 to the present in which AUSA Jan Reincke was an attorney of record and in which any of the current or former law enforcement officers who: (I) have been indicted or convicted of police corruption charges, or (ii) are currently under investigation for police corruption charges in the Northern District of Oklahoma, were involved in any way in the investigation or arrest of the defendant.

The United States raises the following specific objections to the above requests:

1-3. The requests far exceed *Brady* material as it is not limited to exculpatory material in the government's possession before Crawford pleaded guilty. They also potentially seek documents protected by attorney-client and executive deliberative privileges, work-product, and grand jury material under Fed.R.Crim.P. 6(e). The Government also objects that the requests potentially call for (a) impeaching information that it is not obligated to produce since Crawford plead guilty, (b) extremely burdensome production of electronically stored information, (c) documents not likely to lead to the discovery of admissible evidence and (d) irrelevant documents.

4. The United States has provided Crawford with discovery which includes the TPD reports relating to the Crawford investigation and is willing to provide the Court for *in camera* review any report or statement by Gray which it may receive subject to order of the Court.

5. The United States makes the same objections as those to 1-3 but adds that Crawford has established no basis for discovery of Assistant U.S. Attorney Janet Reincke's cases as she has not shown that Reincke is connected in any way with wrongdoing as to this case or any other and the United States is not required to generate such a non-privileged list if not already in existence.

More generally, the United States objects to the discovery pursuant to Rule 6, contending that Crawford has failed to show "good cause" or "reasons for the request." As stated in its response to Crawford's §2255 motion, the United States has informed Crawford about Gray finding money that Henderson may have left in his car and about Gray's statement that the methamphetamine was found on Crawford and Hill and not in the apartment as was stated in the

February 2, 2007 Tulsa Police Department Incident Report. Assuming this information is exculpatory, which the government maintains it is not, the government knows of no other "exculpatory" information. Further, it is not obligated to produce impeaching material prior to a defendant's plea; therefore, it is irrelevant.

Crawford argues that the United States' admissions that the police stole cash from the crime scene and the police did not find 55.5 grams of methamphetamine in the apartment as reported are not the end of discovery but the cause for discovery under Rule 6. The fact that the lead investigating officer, Gray, admitted that the police stole cash from the crime scene and did not find methamphetamine where they reported it found constitutes exculpatory evidence under *Brady* and yet the Government has refused to produce Gray's statements. Further, the United States' cryptic response that Gray's statements are the only "exculpatory" evidence of which it is aware is an attempt to hide behind a "division of labor" between its Northern District of Oklahoma office and its District of Arkansas office of the Special Prosecutor Jane Duke who is investigating and prosecuting the police corruption cases. Crawford, accordingly, asks that the Court order the Assistant U.S. Attorney from the Northern District of Oklahoma ("AUSA/NDOK") confer with the Special Prosecutor Jane Duke and produce the discovery requested.

This motion came on for hearing on November 30, 2010. At the hearing, the Government submitted the TPD reports relating to the Crawford investigation and arrest, which had been provided to Crawford before her plea, as well the FD-302 FBI interviews of Hill, Gray, McFadden and Officer Frank Khalil ("Khalil") that took place in 2010, which the Government submitted to the Court for *in camera* review.

Having reviewed the pleadings, the *in camera* documents and the applicable law, the Court grants Crawford's motion to compel her Request for Production of Documents No. 4, grants in part and denies in part Request No. 2, and denies Requests Nos. 1, 3 and 5. The Government must produce the following to Crawford:

> All reports, statements or other documents made, obtained or adopted by McFadden, Gray, Henderson, Khalil, or any other law enforcement officer involved in the investigation, arrest and conviction of Crawford and Hill, which are related in any way to the law enforcement officer's involvement in the investigation, arrest or conviction of Crawford and Hill.
>
> All reports, statements or other documents made, obtained or adopted by any participant, witness or co-defendant involved in the investigation, arrest and conviction of Crawford and Hill.

Information contained in these documents that is not related in any way to the above may be redacted prior to production or produced pursuant to an agreed protective order. Such production is subject to Court Order that these documents are to be for purpose of this litigation only and are not to be viewed by anyone other than counsel of record, Crawford and any necessary litigation support staff. Upon conclusion of this case, such documents shall be returned to the U. S. Attorney.

Having ruled on Crawford's specific requests, the Court nonetheless reminds the Government of its duty under *Brady* to provide to Crawford with any and all exculpatory evidence the Department of Justice (including the USA/NDOK and the office of the Special Prosecutor) possesses pertaining to Crawford.

IT IS SO ORDERED, this 7th day of December 2010.

_____
Paul J. Cleary
United States Magistrate Judge